UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN LOUISE GORDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 13-01482-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 28, 2013, Gwendolyn Louise Gorden ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on December 24, 2013. On February 14, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 49-year-old female who applied for Supplemental Security Income benefits on July 24, 2009, alleging disability beginning November 1, 2006. (AR 9.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 24, 2009, the application date. (AR 11.)

Plaintiff's claim was denied initially on November 17, 2009 and on reconsideration on June 10, 2010. (AR 9.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Danny Pittman on November 8, 2011, in San Bernardino, California. (AR 9.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 9.) Vocational expert ("VE") Troy L. Scott also appeared and testified at the hearing. (AR 9.)

The ALJ issued an unfavorable decision on January 19, 2012. (AR 9-15.) The Appeals Council denied review on June 25, 2013. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.
2. Whether the ALJ properly considered Plaintiff's treating physician's opinion and properly developed the record.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 24, 2009, the application date. (AR 11.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: headaches; pseudo seizures; hypertension. (AR 11-12.) The ALJ also acknowledged the medically determinable mental impairment of memory loss and forgetfulness which the ALJ found was nonsevere.

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 12.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> . . . able to frequently balance, stoop, kneel, crouch, crawl and climb ramps or stairs. Precluded from climbing ladders, ropes or scaffolds and should avoid concentrated exposure to hazards (seizure precautions).

(AR 12-14.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 13.)

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a clerk typist. (AR 14.) The ALJ also found that considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including industrial cleaner, hand packager, and dry cleaning worker. (AR 14-15.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 15.)

**DISCUSSION**

The ALJ decision must be reversed. The ALJ did not properly consider the medical evidence. The ALJ failed to mention or address Plaintiff's treating source opinions which if credited are work-preclusive. The ALJ also failed to fully develop the record.

## I. THE ALJ FAILED TO CONSIDER THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred by failing to consider the treating source opinions of Dr. Lori Uber-Zac and Dr. Christine Bierdrager. The Court agrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an

examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.   Analysis**

Plaintiff Gwendolyn Gorden who has hypertension suffered two seizures or blackouts in 2006, one in 2007 and another in 2010. (AR 13.) Her primary care physician thought the seizures could be due to her hypertension medication. (AR 13, 12.) She was started on Topamax but still has experienced numbness, tingling and auras. (AR 13.) Nonetheless, her EKGs and brain scans have been normal. (AR 13, 14.) The ALJ found that Claimant has the medically determinable severe impairments of headaches, pseudo seizures and hypertension. (AR 11.) The ALJ also found no exertional limitations but precluded certain activities as seizure precautions. (AR 12.) The ALJ's RFC imposes no mental limitations.

           1.      Dr. Bierdrager

Plaintiff testified she has confusion and memory problems. (AR 12.) The ALJ acknowledged Claimant has the medically determinable mental impairments of memory loss and forgetfulness but found those impairments result in no significant functional limitations and concluded that they were nonsevere. (AR 11.) The ALJ, however, does not cite to any specific evidence supporting his wholly conclusory nonseverity determination.

There is contrary evidence. On August 25, 2011, Dr. Christine Bierdrager, Ph.D., L.P., for Rachel Viers, M.A., completed a Medical Opinion Re: Ability To Work-Related Activities (Mental). (AR 414-415.) Dr. Bierdrager assessed Plaintiff as having "no

useful ability to function" in maintaining regular attendance, completing a normal work week without interruptions from psychologically based symptoms and performing at a competitive pace. (AR 414.) Dr. Bierdrager also assessed Claimant as being "unable to meet competitive standards" in remembering work-like procedures, sustaining an orderly routine without supervision, accepting instructions, responding to changes in the work setting and dealing with normal work stress. (AR 414-415.) She also found Plaintiff seriously limited in understanding, remembering and carrying out short, simple instructions. (AR 414.) Dr. Bierdrager specifically noted Plaintiff has a "very poor memory" and "trouble concentrating." (AR 415.) Dr. Bierdrager opined Plaintiff would miss work more than four days a month. (AR 415.) Dr. Bierdrager's assessment was based on "case notes/supervision." (AR 415.)

The ALJ did not discuss or even mention Dr. Bierdrager's assessment. This was error and the error was not harmless because if credited Dr. Bierdrager's assessment would be work-preclusive. See Stout v. Comm'r, Soc. Sec. Adm, 454 F.3d 1050, 1055 (9th Cir. 2006) (error to be harmless must be "inconsequential to the ultimate nondisability determination"). The Commissioner contends that Dr. Bierdrager did not provide any objective basis for her opinions but this Court is limited to reviewing the reasons contained in the ALJ decision. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts"). The Commissioner questions whether Dr. Bierdrager was a treating physician and notes she is not mentioned anywhere else in the record but this sort of ambiguity in the record generally triggers the ALJ's duty to inquire and to develop the record more fully. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).

The Commissioner next contends that the ALJ was entitled to rely on the opinion of State reviewing physician Dr. Gregg who found no medically determinable mental impairments based on his review of the medical records through the date of his report, October 29, 2009. (AR 377.) Because Dr. Gregg relied on independent clinical

evidence in the record, the Commissioner observes that Dr. Gregg's non-treating, non-examining opinion constitutes substantial evidence. Bray v. Astrue, 554 F.3d 1219, 1221-22, 1227-28 (9th Cir. 2009); Thomas, 278 F.3d at 958-59; Andrews, 53 F.3d at 1041-42. The Commissioner's arguments, however, are insufficient under the law to disregard the opinion of Dr. Bierdrager. The Commissioner's cases do not stand for the proposition that the ALJ can ignore the opinion of a treating physician. Indeed, as Thomas teaches, the ALJ must set forth specific legitimate reasons for rejecting her opinion, after "setting out a detailed and thorough summary of the facts and conflicting clinical evidence." 278 F.3d at 957. Social Security regulations indicate that every medical opinion will be evaluated, 20 C.F.R. § 404.1527(d)(2). SSR 96-2p states that "the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight."

      Dr. Gregg's opinion, moreover was dated October 29, 2009 (AR 377), well before the August 25, 2011 opinion of Dr. Bierdrager, and thus he did not have the benefit of seeing the latter report. Dr. Gregg's opinion also is a check box opinion relying on another State reviewing physician's evaluation of the medical records (AR 376) which the Court discredits below. More to the point, the ALJ failed to mention Dr. Bierdrager's report or give any reasons or cite to any evidence for rejecting it. The fact that the ALJ could have rejected the report for lack of objective evidence and/or on the basis of Dr. Gregg's opinion is not a legally proper basis for affirming the ALJ decision. Connett, 340 F.3d at 874. The ALJ was obliged to present specific legitimate reasons for rejecting conflicting clinical evidence. The ALJ plainly did not do so here.

      2.    Dr. Uber-Zak.

      Similarly, the ALJ failed to discuss or even mention the report, findings and opinions of Dr. Lori Uber-Zak, D.O., M.P.I., a neurologist. She completed a statement

dated October 8, 2007 that Plaintiff had a medically verifiable condition that "would limit or prevent him/her from performing certain tasks." (AR 259.) Dr. Uber-Zak described Plaintiff's condition as "acute" and noted she had "limitations that affect his/her ability to work or participate in education or training." (AR 259.) Dr. Uber-Zak also administered an EEG test on September 11, 2007 and concluded that Plaintiff probably suffered from non-epileptic spells (pseudo seizures) which are "mostly commonly a form of conversion or dissociative disorder in patients with a history of emotionally traumatic experiences." (AR 290.)

The Commissioner asserts that Dr. Uber-Zak's report lacks objective basis but again this Court cannot consider any argument not appearing in the ALJ decision. Connett, 340 F.3d at 874. The Commissioner also notes the physical RFC assessments of State reviewing physicians who indicated Plaintiff had no exertional impairments but this evidence (5F, 9F) does not appear in the ALJ decision and does not relieve the ALJ of providing specific, legitimate reasons for discounting Dr. Uber-Zak's opinion. Thomas, 278 F.3d at 957. The Commissioner also contends that Dr. Uber-Zak's opinion is not relevant because it precedes the July 24, 2009 SSI application date. Yet the ALJ repeatedly cites evidence before that date in his decision, presumably because of how it might bear on Plaintiff's condition after July 24, 2009. The Commissioner cannot have it both ways. The ALJ failed to present specific, legitimate reasons for rejecting Dr. Uber-Zak's opinion.

### 3. The Record Is Not Fully Developed

Apart from the error in not addressing the reports and opinions of Dr. Bierdrager and Dr. Uber-Zak, the record here is not fully developed. In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the Claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring).

The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150. Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

In particular, the Court has concerns about the ALJ's conclusory determination that Plaintiff has no functional limitations due to her mental impairments of confusion and memory loss. (AR 11.) Dr. Bierdrager's opinion obviously is in conflict with this finding. The Court directs the ALJ on remand to obtain any relevant records from Dr. Bierdrager and San Bernardino County Mental Health Department (which should resolve the Commissioner's concerns about the nature and extent of Dr. Bierdrager's treating relationship with Plaintiff). Additionally, Dr. Uber-Zak observed that non-epileptic spells "are mostly commonly a form of conversion or dissociative disorder in patients with a history of emotionally traumatic experiences." (AR 290.) The Commissioner does not mention this opinion. The Court directs the ALJ on remand to contact Dr. Uber-Zak and obtain all relevant documents from her and from Loma Linda University Medical Center.

The Commissioner, ALJ and the State reviewing physician (Dr. G. Taylor Holmes at AR 376) all acknowledge Plaintiff's memory issues but say her memory problems are secondary to her seizure disorder and she has never been referred to a mental health specialist nor is there any history of mental health issues. (AR 376.) Dr. Holmes, however, was relying on Plaintiff's statement that her memory problems were secondary to her seizures and Dr. Bierdrager appears to be a Ph.D. psychologist. Moreover, there does not appear to have been any psychological testing to determine the extent of Plaintiff's memory and confusion issues, whether or not they are secondary to her seizure disorder. The lack of testing undermines the ALJ's conclusory determination that Plaintiff has no limitations due to memory and confusion. On remand, the ALJ should develop objective medical evidence to determine the extent of Plaintiff's limitations due to memory loss and confusion, and if they result in more than minimal

11

limitations in the ability to perform basic work activities, consider those limitations in combination with her other impairments in determining Plaintiff's RFC.

The Court also is concerned about medication side effects and their possible relationship to Plaintiff's memory and confusion issues. Although the Commissioner argues that none of Plaintiff's doctors found Plaintiff had medication side effects, the ALJ specifically found that Plaintiff's primary care physician thought Plaintiff's seizures or blackouts could be due to her anti-hypertensive medication. (AR 13.) The Commissioner contends that Plaintiff's seizures are well controlled with medications but the ALJ found that Claimant still had numbness, tingling and auras. (AR 13.) Claimant also suffered another seizure or blackout in 2010 (AR 388, 13) that neither the ALJ nor the Commissioner discusses. The ALJ and the Commissioner both seem content to conclude Plaintiff's seizures are non-epileptic (which the evidence supports) but nowhere is there any explanation for Plaintiff's seizures or blackouts and the only RFC assessments are from State reviewing physicians who never examined Plaintiff or treating physicians the ALJ never mentioned in his decision. The Court instructs the ALJ on remand to obtain both a mental RFC and a physical RFC from physicians who actually examine Plaintiff.

Finally, the ALJ decision makes a conclusory determination that Plaintiff is not credible to the extent her alleged symptoms are inconsistent with the ALJ's RFC (AR 13) but cites no reasons or evidence other than the medical evidence which by itself legally cannot suffice even if fully credited. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may consider a lack of medical evidence corroborating Plaintiff's symptoms in evaluating credibility so long as it is not the only reason for discounting credibility). The Commissioner tries to squeeze other justifications out of the ALJ decision to support the ALJ's adverse credibility determination but either the Court cannot consider them, Connett, 340 F.3d at 874, or they are now in doubt in view of the Court's ruling above. The ALJ on remand must provide clear and convincing reasons for any adverse credibility determination. Thomas, 278 F.3d at 958.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: March 6, 2014  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE